J-S30010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY SMITH, | |
| Appellant | No. 973 WDA 2017 |

Appeal from the PCRA Order Entered May 31, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000083-2009

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY SMITH, | |
| Appellant | No. 1419 WDA 2017 |

Appeal from the PCRA Order Entered September 5, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000083-2009

BEFORE:  BENDER, P.J.E., STABILE, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:             **FILED AUGUST 24, 2018**

Timothy Smith appeals from the May 31, 2017 order denying, as an

untimely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§

_____

[*] Retired Senior Judge assigned to the Superior Court.

9541-9546, his "Petition for Writ of *Habeas Corpus* or *Coram Nobis*" (hereinafter, "*coram nobis* petition"). Appellant has also filed an appeal from the court's September 5, 2017 order which held in abeyance a second, *pro se* PCRA petition that Appellant filed during the pendency of his appeal from the May 31, 2017 order.[1] After careful review, we affirm the court's May 31, 2017 order, and quash the appeal from its September 5, 2017 order.

This Court previously summarized the facts and procedural history of Appellant's case, as follows:

> Appellant was arrested on January 5, 2009, and charged with various offenses after his step-daughter, C.P., alleged that he had sexually abused her beginning when she was eight years old and continuing until she was approximately thirteen years old. Appellant proceeded to a jury trial on October 5 and 6, 2009, at the close of which the jury convicted him of 23 counts of aggravated indecent assault, 29 counts of indecent assault (person less than 13 years of age), and 26 counts of endangering the welfare of children. The trial court subsequently sentenced Appellant to an aggregate term of 24 years, 8 months, and one day to 76 years' incarceration. Appellant was also determined to be a sexually violent predator for Megan's Law purposes. Appellant timely appealed from his judgment of sentence and, on September 13, 2011, we affirmed. **Commonwealth v. Smith**, 34 A.3d 225 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.
>
> On October 9, 2012, Appellant filed a timely, counseled PCRA petition alleging, *inter alia*, the ineffective assistance of his trial counsel, David S. Shrager, Esq. A PCRA hearing was conducted on May 23, 2013, at which Appellant and Attorney Shrager both testified. On December 30, 2013, the PCRA court issued an opinion and order denying Appellant's petition.

---

[1] Appellant filed with this Court a request to consolidate his two appeals, which we granted by *per curiam* order on November 29, 2017.

*Commonwealth v. Smith*, No. 198 WDA 2014, unpublished memorandum at 1-2 (Pa. Super. filed March 31, 2015). Appellant filed a timely appeal from the PCRA court's decision, and this Court affirmed. *See id.* Appellant then filed a petition for allowance of appeal with our Supreme Court, which the Court denied on November 4, 2015. *See Commonwealth v. Smith*, 125 A.3d 1201 (Pa. 2015).

On April 24, 2017, Appellant filed the *coram nobis* petition underlying the present appeal. Therein, he asserted that Attorney Shrager had "testified inaccurately" during the May 23, 2013 PCRA hearing. Petition for Writ of *Habeas Corpus* or *Coram Nobis*, 4/24/17, at 3 (unnumbered). Appellant vaguely claimed that he uncovered Attorney Shrager's allegedly inaccurate testimony at some unidentified point after the court had denied his October 9, 2012 PCRA petition. *Id.* Appellant neither specified what 'inaccurate' testimony Attorney Shrager purportedly offered at the PCRA hearing, nor how that testimony had impacted the PCRA court's decision. He also did not identify how, or precisely when, he had discovered this information. In regard to what relief Appellant sought, he asked that the court permit him to amend his *coram nobis* petition, submit a witness affidavit from an individual named Erin Melegari, and schedule a hearing on his petition.

The trial court deemed Appellant's *coram nobis* petition as a PCRA petition. On April 28, 2017, the court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition as being untimely filed. Appellant filed a response on May 22, 2017. On May 31, 2017, the PCRA court issued an order

dismissing Appellant's petition. Appellant filed a timely notice of appeal, and he also complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court issued a Rule 1925(a) opinion on July 31, 2017.

While that appeal was pending in this Court, Appellant filed a *pro se* PCRA petition on August 25, 2017, arguing that his designation as a sexually violent predator (SVP) is illegal under our Supreme Court's decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), *cert. denied*, 138 S.Ct. 295 (2018) (holding that the registration provisions of the Sexual Offender Registration and Notification Act (SORNA) are punitive and, therefore, cannot be retroactively applied to a defendant whose crimes were committed prior to SORNA's effective date). On September 5, 2017, the PCRA court issued an order stating that Appellant's petition was being held in abeyance until his appeal from the May 31, 2017 order became final. The order did not address the underlying merits of Appellant's SVP challenge. Nevertheless, on September 25, 2017, Appellant filed a *pro se* notice of appeal from that order. The court ordered Appellant to file a Rule 1925(b) statement, and Appellant, still acting *pro se*, timely complied. On October 18, 2017, the court issued an opinion in which it addressed, and rejected, the merits of Appellant's challenge to his SVP designation.

As stated *supra*, we consolidated Appellant's two appeals. Herein, he raises two issues for our review:

1) Did the lower court err by disregarding the petition's title of a request for *habeas corpus* or *coram nobis* relief and dismissing the petition as an untimely PCRA action since [Appellant's] claim is not one that is eligible for relief under 42 Pa.C.S. § 9543?

2) Did the lower court err by determining that [Appellant] was not eligible to have his [SVP] status retracted under … ***Muniz***?

Appellant's Brief at 7.

In Appellant's first issue, he contends that the court erred by treating his *coram nobis* petition as a PCRA petition. According to Appellant, the "crux of this action … alleges that there was an irregularity in the PCRA hearing[,]" where Attorney Shrager's testimony was "untruthful or otherwise grossly inaccurate…." Appellant's Brief at 15, 16 (footnote and citations to the record omitted). Appellant contends that this claim is not cognizable under the PCRA, thus making him "eligible for *habeas corpus* or *coram nobis* relief…." ***Id.*** at 17.

Appellant's argument is unconvincing. Appellant is effectively asking this Court to reopen his prior PCRA action so he can re-litigate the underlying ineffectiveness claims against Attorney Shrager. Regardless of *why* he claims such relief is warranted, his claim boils down to an assertion of ineffective assistance of counsel, which is indisputably a cognizable claim under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(ii). Appellant himself concedes this point, stating that his "ultimate complaint is that his trial counsel was ineffective…." Appellant's Brief at 15. Consequently, the trial court properly treated his present petition as a PCRA petition. Because that petition is untimely under

42 Pa.C.S. § 9545(b)(1) (requiring that any PCRA petition be filed within one year of the date on which Appellant's judgment of sentence becomes final), and Appellant does not identify any applicable timeliness exception under 42 Pa.C.S. § 9545(b)(1)(i)-(iii), we discern no error by the PCRA court in its denial of his petition.[2]

In Appellant's next issue, he claims that his SVP designation is illegal under *Muniz*, and this Court's more recent decision in *Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017) (holding that SORNA's provision directing a trial court to determine, by a preponderance of the evidence,

_____

[2] Even if the claim raised in Appellant's *coram nobis* petition is not cognizable under the PCRA, we would still conclude that the court did not err in denying him relief. In *Commonwealth v. Mangini*, 386 A.2d 482 (Pa. 1978), our Supreme Court stated that the remedy of *coram nobis* is "generally regarded as an extraordinary one." *Id.* at 490. "[T]he granting of a petition for such extraordinary relief is not proper unless the extrinsic facts were not only not discovered at the time of trial, but also not discoverable by the petitioner at such time by the exercise of due diligence." *Id.* Here, as noted *supra*, Appellant did not explain in his *coram nobis* petition how, or when, he discovered Attorney Shrager's inaccurate testimony; thus, he failed to demonstrate that he acted with due diligence in ascertaining this information.

We also point out that Appellant first raised this issue about Attorney Shrager's incorrect testimony in a motion for reconsideration filed with this Court on April 14, 2015. He reiterated that claim in his petition for allowance of appeal filed with our Supreme Court, which was denied on November 4, 2015. Appellant then waited nearly a year-and-a-half to file his *coram nobis* petition. He offers no explanation for this delay. For these reasons, we would conclude the court did not err in denying his petition, even if it should not have been treated as a PCRA petition.

whether a defendant is an SVP is unconstitutional under **_Muniz_** and **_Alleyne v. United States_**, 133 S.Ct. 2151 (2013)).

Before we may address the merits of Appellant's legality of sentence claim, we must first determine if we have jurisdiction over his appeal from the PCRA court's September 5, 2017 order. **_Commonwealth v. Fowler_**, 930 A.2d 586, 592 (Pa. Super. 2007) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim."). As set forth in Pennsylvania Rule of Appellate Procedure 341,

> **(a) General Rule**.--Except as prescribed in paragraphs (d) and (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.
>
> **(b) Definition of Final Order**.--A final order is any order that:
>
> (1) disposes of all claims and of all parties; or
>
> (2) RESCINDED
>
> (3) is entered as a final order pursuant to paragraph (c) of this rule.

Pa.R.A.P. 341.

In the present case, the PCRA court's September 5, 2017 order did not dispose of the claim raised in Appellant's petition; instead, the order held any decision on that claim in abeyance until Appellant's appeal from the court's May 31, 2017 order was finalized. Moreover, the court did not state that the order was final and appealable. Accordingly, we conclude that the September 5, 2017 order is not final and appealable. Thus, we quash Appellant's appeal at docket number 1419 WDA 2017.

Order appealed at docket number 973 WDA 2017 affirmed.  Appeal at docket number 1419 WDA 2017 quashed.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/24/2018